## SMITH *v.* NORTHUMBERLAND.

Since the adoption of the Revised Statutes, no town is liable for an injury resulting from the defect of any way, unless the same has been laid out agreeably to the requirements of the statutes, or has been used by the public for the period of twenty years.

CASE, for an injury sustained by the plaintiff, and for the loss of his horse and wagon, by reason of a defect in the public travelled road in the town of Northumberland.

The facts in relation to the road are, that up to about fifteen years ago the road, in passing up the upper Ammonoosuck river, in Northumberland, towards Stark, was made and travelled on the hill land above the river. About that time a road was made nearer to the river, making an alteration of about two miles, and in places fifty or sixty rods nearer to the river than the old road; and the accident occurred on this new road.

There is no proof nor record that said new road was ever laid out, and no laying out was ever recorded. The old road was a public highway, but it has been long disused, the new road being substituted for it.

The new road was constructed at the expense of the town, and has always since been included in the surveyors' warrants as a way to be repaired by them, from the highway taxes committed to them, and has been from time to time repaired by them.

It is objected by the town, that said highway, having never been laid out agreeably to statute law, the town are in no way liable for any injuries sustained by any one by reason of its defaults.

*Burns & Fletcher*, for the plaintiff, cited and relied upon *State v. Richmond*, 6 Foster 232, 244; *State* v. *Raymond*, 7 Foster 388; *Pratt et al.* v. *Swanton*, 15 Vt. 150, and *Roberts* v. *Hunt*, 15 Ad. & Ellis 17.

*G. C. Williams*, for the defendants.

FOWLER, J. The authorities cited by the plaintiff do not seem to us to have any bearing in his favor in the present case. There do not appear ever to have been any proceedings, by any authority having jurisdiction of the subject, to lay out the road in controversy. In fact, the case finds that it had never been laid out agreeably to the requirements of statute law, and had not been used by the public for twenty years. No attempt to lay it out is shown ever to have been made. It is therefore entirely clear, upon the authority of *Northumberland* v. *Railroad,* 35 N. H. 574, and *Hayward* v. *Charlestown,* 34 N. H. 23, that it was not a public highway for the good condition and repair of which the defendants were responsible, or for injuries resulting from defects in which the defendants can be holden liable. Rev. Stat., ch. 53, sec. 7; *Gurnsey* v. *Edwards,* 6 Foster 230.

If private individuals assume to act and do act without any legal authority, or if authorized tribunals or officers proceed to act in cases to which their jurisdiction or authority does not extend, their proceedings are merely and absolutely void. Their want of legal authority cannot be supplied. No act or assent of the parties can confer any jurisdiction. The exception cannot be waived. *State* v. *Richmond,* 6 Foster 239, 240, and authorities.

According to the provisions of the agreed case, there must therefore be *Judgment for the defendants.*